UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>           Plaintiff,<br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue, NW<br>Mail Code 2310A<br>Washington, DC 20460<br><br>           Defendant. | Case No. 23-cv-2178 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff POWER THE FUTURE ("PTF"), for its complaint against Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to two FOIA requests.

2. This action is filed following the USEPA's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the request at issue.

3. The USEPA's failure to comply with FOIA also includes the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to respond to Plaintiff's request, and its constructive or actual

withholding of responsive information and/or documents in violation of Defendant's obligations.

## PARTIES

4. Plaintiff Power the Future is a non-profit organization incorporated in the State of Delaware dedicated to "disseminating research, sharing facts and truths, engaging at the local level and interacting with the media," specifically relating to energy and environmental public policy.

5. Defendant United States Environmental Protection Agency is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

## PLAINTIFF'S MAY 30, 2023 FOIA REQUEST

9. On May 30, 2023, Plaintiff submitted by internet portal a request to Defendant seeking copies of certain described email correspondence between three named USEPA Region VIII political appointees and eight named email domains of environmentalist pressure groups and/or commercial interests.

2

10. USEPA acknowledged the Plaintiff's request on May 30, 2023, and assigned it tracking number EPA-R8-2023-004480.

11. On May 31, 2023, USEPA declared it was taking extra time to process the request, to July 13, 2023.

12. On June 28, 2023, USEPA declared it was taking extra time to process the request, to August 2, 2023.

13. On July 14, 2023, in response to a request for "what number of records are being processed as potentially responsive. In short, the *CREW*-style response," Defendant stated to Plaintiff, *in toto*, "The agency provides information on the records released when the response is complete based on the number of responsive records.  It does not provide any crew style information during the processing of the request."

14. On July 25, 2023, USEPA informed Plaintiff that the Agency was hopeful it could process the request by to August 10, 2023 and, in another email that same day, August 15, 2023.

## PLAINTIFF'S JUNE 12, 2023 FOIA REQUEST

15. On June 12, 2023, Plaintiff submitted by internet portal a request to Defendant seeking copies of certain described email correspondence of three named USEPA Region VIII political appointees that includes anywhere one or more of three named email domains of environmentalist pressure groups.

16. USEPA acknowledged the Plaintiff's request and assigned it tracking number EPA-R8-2023-004736.

17. On June 13, 2023, USEPA declared it was taking extra time to process the request due to "unusual circumstances," projecting it would complete the request on July 26, 2023.

18. On July 25, 2023, USEPA informed Plaintiff that the Agency was hopeful it could process the request by to August 10, 2023, and, in another email, August 15, 2023.

19. In neither correspondence did USEPA provide, e.g., the required determination of how many documents were being processed or what exemptions USEPA expected to claim to withhold any information, or rule on Plaintiff's requests for fee waiver in the alternative, as required by FOIA to be provided to a requester within 20 working days.

20. On July 14, 2023, in response to a request for "what number of records are being processed as potentially responsive. In short, the *CREW*-style response," Defendant stated to Plaintiff, *in toto*, "As indicated in my response for FOIA EPA-R8-2023-004736, 'The agency provides information on the records released when the response is complete based on the number of responsive records.  It does not provide any crew style information during the processing of the request.'"

21. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

22. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the

statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

23. Neither of the aforementioned scenarios are applicable to USEPA's actions in the instant matter.

24. Agencies are permitted an extension of time to complete a response if they should assert and establish that "unusual or exceptional circumstances exist." 40 C.F.R §2.104(a).

25. EPA has claimed that "unusual or exceptional circumstances exist" in response to Plaintiff's June 12, 2023 request, but not the May 30, 2023 request. Despite this claim, Defendant has not provided the still-required determination of how many documents were being processed, and has also provided no substantive response or "determination" with respect to the request as that term is defined in the Freedom of Information Act and as the D.C. Circuit explained was the obligation of every agency in *CREW v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013).

26. USEPA owed Plaintiff "*CREW*" responses to its requests, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), by approximately June 28, 2023 and July 12, 2023, respectively.

27. Defendant is now past its statutory period for issuing such a determination with respect to the above-described requests.

28. Defendant USEPA continues to improperly deny Plaintiff access to agency records in violation of FOIA, and also to withholdeven basic information such as what number of records are responsive to Plaintiff's requests and being processed, all while serially claiming extensions of time to complete its processing.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

29. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

31. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

32. Plaintiff is not required to further pursue administrative remedies.

33. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. USEPA's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy USEPA's obligations under FOIA;

    c. USEPA must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

36. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

37. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to USEPA's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees

38. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

39. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

40. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 10 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 27th day of July 2023,

>POWER THE FUTURE
>By Counsel:
>
>/s/Matthew D. Hardin
>Matthew D. Hardin, D.C. Bar No. 1032711
>Hardin Law Office
>1725 I Street NW, Suite 300
>Washington, DC 20006
>Phone: (202) 802-1948
>Email: MatthewDHardin@protonmail.com
>
>/s/Christopher Horner
>Christopher Horner, D.C. Bar No. 440107
>1725 I Street NW, Suite 300
>Washington, DC 20006
>Phone: (202) 262-4458
>Email: Chris@CHornerLaw.com